IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JODI BRINK o/b/o Z.R.B., a minor   )
             )
    Plaintiff,     )
             )
    v.       )   Civil Action No. 20-1171
             )
KILOLO KIJAKAZI,[1]     )
Acting Commissioner of Social Security, )
             )
    Defendant.   )

O R D E R

AND NOW, this 29th day of March, 2022, upon consideration of the parties'

cross-motions for summary judgment, the Court, upon review of the Commissioner of Social

Security's final decision denying Plaintiff's claim for supplemental security income benefits on

behalf of Z.R.B., a minor child, under Subchapter XVI of the Social Security Act, 42 U.S.C.

§ 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence

and, accordingly, affirms.[2]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-

54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d

Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v.*

*Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

---

[1] Kilolo Kijakazi is substituted as the defendant in this matter, replacing former
Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. §
405(g).  The Clerk is directed to amend the docket to reflect this change.

[2] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument
in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub.*
*Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding that Z.R.B. did not meet a listing and in determining that he does not functionally equal a listed impairment. The Court disagrees with Plaintiff and finds that the record demonstrates that substantial evidence supports the ALJ's finding that Plaintiff is not disabled under the Social Security Act. The Court will therefore affirm.

Plaintiff's first argument is a bit hard to understand.  She seems to argue that because the ALJ found that Z.R.B. had the severe impairments of attention deficit hyperactivity disorder ("ADHD"), oppositional defiance disorder ("ODD"), and autism that it was inconsistent for the ALJ to find that Z.R.B. did not meet the A criteria of Listings 112.08, 112.10, and 112.11, 20 C.F.R. Part 404, Subpart P, Appendix 1.  However, this is not an accurate description of the ALJ's findings.  Nothing indicates that the ALJ found that Z.R.B. did not meet any listing specifically because his symptoms were insufficient to meet the A criteria for those listings.  (R. 15).  In fact, by referring to his further discussion later in the decision, where he discussed the six domains of functionality set forth in 20 C.F.R. § 416.926a(a)(1) and Social Security Ruling 09-1p, he appears to indicate that he was evaluating the B criteria for Listings 112.08, 112.10, and 112.11.  Indeed, the B criteria for these listings – which is the same for all three – correlates very closely with the six domains of Section 416.926a.  A fair reading of the decision is that the ALJ found that, much like Z.R.B. had less than marked limitations or better in each of the six domains, he likewise did not have two marked, or one extreme, limitations in the areas of mental functioning set forth in part B of the listings.  It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment."  *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)).  It really does not matter whether the ALJ found that Z.R.B. did or did not meet the A criteria for Listings 112.08, 112.10, and 112.11 as long as he found that Z.R.B. did not meet the B criteria for the listings.

The Court further notes that, in any event, a finding of the severe impairments of ADHD, ODD, and autism at Step Two is not inherently inconsistent with a finding that these severe impairments do not satisfy the A criteria of Listings 112.08, 112.10, and 112.11 in any event. Part A of the listings does not require the ALJ to render a diagnosis as to a claimant's medical conditions, but rather a determination as to whether the documented conditions demonstrated certain symptoms sufficient to meet the listings.  Plaintiff's assertion, citing to no legal support, that any claimant with the severe impairments of ADHD, ODD, and autism necessarily meets the A criteria of Listings 112.08, 112.10, and 112.11 is simply not correct.

Plaintiff also argues that the ALJ improperly relied on the fact that the state reviewing agents, Arlene Rattan, Ph.D., and Dilip S. Kar, M.D., did not conclude that Z.R.B. met a listing (R. 176-77) because they did not examine or treat Z.R.B. and because they did not have access to record evidence post-dating this opinion.  Plaintiff's first contention is simply wrong; an ALJ

certainly may, and in fact must, consider the opinions of non-treating, non-examining agents. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  An ALJ is even entitled to give such an opinion greater weight than the opinion of a treating physician in certain circumstances.  *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000); *Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).  The fact that neither of the state reviewing agents examined or treated Z.R.B. thus did not prevent the ALJ from considering their opinion.

Moreover, the fact that the state reviewing agents' opinion was rendered before other evidence became available does not mean the ALJ was prohibited from affording it substantial weight.  *Chandler*, 667 F.3d at 361 ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").  Indeed, this is the case in the vast majority of social security cases.  The ALJ had access to, and in fact discussed, this later acquired evidence and considered it in his analysis.  It is important to note that the ALJ did not at all simply follow the state reviewing agents' opinion; he thoroughly discussed and based his decision on the record as a whole.

Plaintiff's second argument fares no better.  Plaintiff argues that the ALJ erred in finding that Z.R.B. did not functionally equal a listed impairment because he did not have marked or greater limitations in two, or extreme limitations in one, of the six domains – *i.e.*, (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  However, in doing so, Plaintiff merely offers her own evaluation of the record evidence and her own conclusion that this evidence demonstrates that Z.R.B.'s impairments functionally equal a listed impairment.  In essence, Plaintiff is not really contending that the ALJ considered improper or inaccurate evidence in making the findings in this case, but rather that the evidence should be read to support her conclusions rather than his.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Further, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Here, the ALJ considered and accurately characterized all the record evidence.  The Court can find no way in which the ALJ's analysis was in any way improper.  He, in fact, expressly discussed all of the Exhibits that Plaintiff contends support a different finding.  The fact that there could be alternative views as to what the evidence shows, as discussed, does not allow the Court to disturb the ALJ's decision.  Substantial evidence therefore supports his determination especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high."  *Biestek*, 139 S. Ct. at 1154.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 39) is DENIED and that Defendant's Motion for Summary Judgment (document No. 41) is GRANTED as set forth herein.



s/Alan N. Bloch
United States District Judge



ecf:        Counsel of record

---

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.